CADY, Chief Justice
(concurring in part and dissenting in part).
I join in the partial concurrence and dissent by Justice Appel. I write separately to build upon an important point of this federal litigation and to add another.
The role of this court is not to decide the outcome of the case, but to determine if the basis of the lawsuit is supported by our state te,w. It is abundantly clear that Iowa’s drainage district law did not originate and was not developed over time with the thought that a drainage district could *73 be a polluter. If it had, I am convinced our law would have developed in a way that would have recognized a clear remedy.
Nevertheless, the equitable remedies now asserted are not new to our law; they are only difficult to see in the context of this case. That difficulty is not, however, a reason to dismiss the case, especially when the facts in evidence have not yet been presented. The seriousness of facts can often help to see the availability of equitable relief. Furthermore, law develops through our changed understanding, including our understanding of the environmental impact of drainage districts. One of the fundamental principles of law is for remedies to be available when we discover wrongs. Pollution of our streams is a wrong, irrespective of its source or its cause.
I believe the focus of our attention should be the end to which this lawsuit is directed. This state is blessed with fertile soil, vast expanses of teeming wilderness, and an overwhelming abundance of fresh water. The role and purpose of drainage districts in Iowa is important, but no more important than this state’s enduring role of good stewardship. This lawsuit serves to reinforce the critical balance at stake and asks the rhetorical question posited years ago by one of the founders of modern conservation, “What good is an undrained marsh anyhow?”[15] We should respond when this balance has shifted too far in either direction.
The law of this state is but a reflection of the values of its people. As we go forward as a people, so too must the law advance our values. We can do this by applying existing remedies in new ways or by applying new remedies to our existing values. This concept of remedy is not exclusive to the judicial branch. We all can engage in this discussion and act. As every farmer knows, the work is never done.
For these reasons and for the reasons stated by Justice Appel, I concur in part and dissent in part.

. Aldo Leopold, A Sand County Almanac and Sketches Here and There 100 (Spec. Commemorative ed. 1989). Aldo Leopold, perhaps not surprisingly, was an Iowan.